**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEPHEN BELZ and KARLA BELZ : | |
|     Plaintiffs, : | |
| : | |
| v. : | No. 3:13-cv-01315 (VAB) |
| : | |
| PEERLESS INSURANCE COMPANY : | |
|     Defendant : | |

**ORDER ON MOTION FOR RECONSIDERATION**

Plaintiffs, Stephen and Karla Belz ("the Belzes"), have brought this lawsuit against Defendant, Peerless Insurance Company ("Peerless"), based on Peerless' denial of insurance coverage for extensive cracking damage to the basement walls of the Belzes' home. The Belzes stated three claims against Peerless: breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Connecticut Unfair Insurance Practices Act ("CUIPA") and Connecticut Unfair Trade Practices Act ("CUTPA"). Peerless moved for summary judgment on all three claims, arguing that the cracking damage was not covered by the contract terms and that the Belzes' bad faith and CUIPA/CUTPA claims were unsupported.

On September 02, 2016, this Court issued an Order denying Peerless' Motion for Summary Judgment and allowing all three claims to proceed to trial before a jury. Order, ECF No. 73. Peerless has now moved for reconsideration of the Court's decision. Mot. for Reconsid., ECF No. 75. For the reasons outlined below, Peerless' motion is **DENIED**.

    **I.**    **Standard of Review**

As Peerless acknowledges in its filings, "[t]he standard for granting motions for reconsideration is strict." *Pritsker v. Am. Gen. Life Ins. Co.*, No. 3:15-CV-846 (SRU), 2016 WL

3747507, at *2 (D. Conn. July 11, 2016).  The Second Circuit has long held that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)).  "[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader,* 70 F.3d at 257.

## II.     Discussion

In support of its motion for reconsideration, Peerless does not identify any controlling decisions or data that the Court overlooked when making its decision.  Instead, it revisits and expands upon the arguments it previously made to the Court.  Peerless contends that reconsideration is justified here because (1) the term "collapse" has never been properly defined by the Connecticut Supreme Court, (2) the Court should have considered extrinsic evidence supporting Peerless' interpretation of the terms "foundation" and "retaining wall" instead of finding those terms ambiguous and interpreting them in favor of the insured, and (3) Peerless' denial of coverage was based on a good faith coverage dispute and its liability under the contract was not "reasonably clear" as required for a violation of CUTPA/CUIPA.  The Court has already considered and decided each of these issues when reaching its decision to deny summary judgment.

Peerless has not presented any grounds for reconsideration of this Court's denial of summary judgment as to the Belzes' breach of contract claim.  The Court has already heard

Peerless' arguments regarding the proper definition for the term "collapse," even allowing the parties to submit supplemental briefing regarding whether the Court should adopt the definition provided in a Washington state court case, *Queen Ann Park Homeowners Ass'n. v. State Farm Fire and Cas. Co.*, 352 P.3d 790 (Wash. 2015). *See* Notice of Supplemental Authority, ECF No. 69; Supplemental Briefing, ECF Nos. 71, 72.  The Court has also considered Peerless' arguments regarding its interpretation of the terms "foundation" and "retaining wall," having determined that the "extrinsic evidence" presented by Peerless does not change the conclusion that these terms are ambiguous and should be construed in favor of the insured.  Order at 6-7.  The Court found a genuine dispute of material fact between the parties as to whether a covered "collapse" occurred under Connecticut law.  The Court chooses not to relitigate these arguments here, and reconsideration is denied as to the Belzes' breach of contract claim.

The rest of Peerless' arguments in support of reconsideration address the Belzes' two "extracontractual" claims: breach of the covenant of good faith and fair dealing, and violation of CUIPA/CUTPA.  The Court considered numerous factors that could support a finding of good faith on the part of Peerless, including each of the arguments raised in Peerless' motion for reconsideration. Order at 16.  However, the Court is required to draw all inferences in favor of the plaintiffs when considering a motion for summary judgment.  *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010).  In light of the genuine factual disputes regarding Peerless' knowledge of the Belzes' potential eligibility for coverage and its practices surrounding these sorts of claims, the Court properly found that these two remaining claims were more appropriately addressed by the trier of fact.  Order at 16-17.  Accordingly, the Court declines to reconsider the bad faith and CUIPA/CUTPA claims at this time.

## III.     Conclusion

Peerless' Motion for Reconsideration is DENIED.

SO ORDERED this 3rd day of November at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE